JONES, Justice:
This is a conviction of manslaughter from the Circuit Court of Scott County where the appellant was convicted and sentenced to serve twenty years. We affirm.
The facts upon which the appellant was convicted, stated in a general way, were: That she and the deceased were formerly married but divorced in 1965, since which time they had not lived as husband and wife. Appellant had remarried. On or about June 14, 1969, they were both present at a juke joint where they and others were having a gala time drinking, playing the jukebox, and eating fish sandwiches.
About ten o’clock p. m. and at subsequent times, the two engaged in arguments and tussles during which appellant had in her hand an open pocketknife. The emerged from the cafe which had a small light bulb to the north of the entrance. The testimony from this point is conflicting to some extent. There was a question as to whether the deceased called appellant to him while standing at the north corner of the building. Appellant’s version was that deceased grabbed her with one hand while holding a knife in the other, and that while she was trying to get the knife from him, he staggered against her, and the knife hit him in the stomach. The state’s testimony was that he was bending over at the corner of the building and when he stood up appellant stabbed him in the stomach. From this wound, he died.
Appellant testified that ever since they had been divorced, her ex-husband had been trying to get her to engage in sexual intercourse with him. This was what he was endeavoring to do on this occasion. It seems that he did arouse her but in a way contrary to that he desired.
The first assignment of error alleges that the court erred in permitting the district attorney on voir dire to question prospective jurors as to their scruples relative to inflicting the death penalty and the excusing of one juror therefor.
The court in passing upon a motion to quash the special venire said this happened on examination by the district attorney:
Twelve men and women were placed in the jury box and were tendered the State. The District Attorney in his voir dire examination stated to the prospective jurors that this was a capital case and *157 inquired as to the feeling of the prospective jurors with reference to the infliction of the death penalty. One man, Latham, stated that he had conscientious scruples about the infliction of the death penalty, and on further questioning by the District Attorney, said in response to the question the District Attorney propounded to him, “Do you tell me that you would not vote to impose the death penalty under any facts or circumstances?” to which the prospective juror replied, “I’m afraid not.”
We do not consider this in conflict with Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
However, if it were, the appellant was indicted for murder and convicted of manslaughter and under our decision of Armstrong v. State, 214 So.2d 589 (Miss.1968), if excusing of the juror were error, it was harmless.
The second assignment of error is based upon the fact that the trial court had appointed an attorney to represent appellant because she was indigent, and when such attorney’s associate undertook to assist in the trial of the case by examining a witness, the record shows the following when such associate arose to cross-examine a state’s witness:
BY THE COURT:
Just a minute. Mr. Idom will cross-examine this witness. He is the man who has been appointed to defend her.
BY MR. HUNTER:
All right, sir.
While a client has a right to employ or accept the services of any attorney in good standing, we do not think this was reversible error in this case.
There was no objection made to the court’s action and there was not included in the record any statement that would show the appellant desired the associate to participate in the trial, and, second, she was not prejudiced by his failure to cross-examine witnesses or actively participate in the trial since the record shows that the court-appointed counsel represented appellant with vigor and ability, and there is no charge that she was prejudiced by the failure of the associate to participate.
The third assignment of error is based upon the following which occurred during the trial and in the cross-examination of one of the state’s witnesses:
Q. Do you have a case in court at this time?
A. Yes, sir.
BY MR. JOHNSTON:
We object; that’s not a proper question.
BY THE COURT:
Sustained.
Ordinarily a witness is subject to cross-examination on convictions only and not charges. It is stated in the brief of appellant that this testimony was desired to show the probability of interest on the part of the witness in this case, and that he may have had some agreement as to dismissal of the charges against him or as to punishment therefor. However, there is nothing in the record that would have advised the trial court of the purpose of this question. Appellant made no statement in the record as to what was expected to be proved, and, therefore, the court was in the dark as to the reason for the question and could not be placed in error therefor.
It is also assigned as error that the court permitted the deputy sheriff to testify to statements made by the appellant when arrested without advising her of her rights to counsel and to remain silent while being examined by the district attorney. This is what occurred:
Q. What did you do after you found Leida Jones?
A. I went to the door and went in. They come to the door and I asked if she *158 was Leida, and she said she was. I said, “Leida, you are under arrest.” She said, “It’s about Lemmie J., ain’t it?” I said, “Yeah”. She said, “I hope he’s dead.” I said “Well, you’ve got your hope for he’s sure dead.”
BY MR. IDOM:
We object to that statement, please the Court.
BY THE COURT:
Overruled.
These were voluntary and spontaneous statements made by appellant. The deputy was making no effort to examine her or to obtain any information from her. She spoke so quickly, he did not have time to give her the warning.
The evidence was ample to sustain the verdict, and the verdict does not evidence passion and prejudice as alleged by appellant; therefore, the case is affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.